IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Delores Johnson and Alan Williams, | : | |
| Plaintiffs | : | Civil Action 2:08-cv-00929 |
| v. | : | Judge Watson |
| CareStar, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

## Initial Screening Report and Recommendation

Plaintiffs Delores Johnson and Alan Williams bring this action asserting claims for fraud on the court, defamation of character, slander and libel, retaliation, conspiracy, and tampering with witnesses. Plaintiffs' motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that this Court lacks subject matter jurisdiction over the matter.

The complaint alleges that fraud has been committed by defendants in the Court of Common Pleas by supporting the actions of Carol Price.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. The complaint alleges several Ohio law claims against the individual defendants. Federal courts are courts of limited jurisdiction. Absent federal question jurisdiction, the only basis for subject matter jurisdiction over state law claims is 28 U.S.C. § 1332. However, there is no subject matter jurisdiction here over plaintiffs' Ohio law clams because all plaintiffs and all defendants are citizens of Ohio.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because this Court lacks subject matter jurisdiction. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon

2

each defendant named in the complaint a copy of the complaint and a copy of this Order.

Defendants need not answer or otherwise respond to the complaint unless and until ordered to do so by the Court.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant CareStar, 6100 Channingway Boulevard, Columbus, Ohio 43232; Carol Price, 6100 Channingway Boulevard, Columbus, Ohio 43232; Mary Count, 6100 Channingway Boulevard, Columbus, Ohio 43232; and Martha McCoy, 6100 Channingway Boulevard, Columbus, Ohio 43232.

s/Mark R. Abel
United States Magistrate Judge